BARKETT, Circuit Judge,
concurring in part and dissenting in part:
I agree with much of the majority’s opinion in this case. However, I do not believe that Jacksonville’s hours of operation provision can be upheld under the “time, place, and manner” analysis set forth in City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986).[1]
I agree that the hours of operation provision is a content-neutral restriction and that it serves the substantial governmental interest of eliminating the secondary effects produced by the late-night operations of adult entertainment establishments. Under Renton, however, this provision violates the First Amendment because it is not narrowly tailored to serve this substantial government interest. The ordinance requires the closure of adult enter *1372 tainment establishments during early morning hours when the city concedes there are no secondary effects. Renton’s narrow tailoring requirement, however, requires a city to draw its ordinances “to affect only that category of theaters shown to produce the unwanted secondary ef-fects_” Renton, 475 U.S. at 52, 106 S.Ct. 925. By analogy, it seems to me that to justify closure, the city must limit its regulation to the hours where such secondary effects exist. Because the city has, without any justification at all, barred adult entertainment establishments from operating during the late morning hours with no indication of any secondary effects, the ordinance is “substantially broader than necessary,” Ward v. Rock Against Racism, 491 U.S. 781, 800, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989), and must be invalidated.[2] I believe that the majority’s assertion that the city needs no reason to force adult entertainment establishments to close during the late morning hours flies in the face of Renton, which makes clear that where a city regulates to avoid secondary effects, its regulation must be drawn “to affect only that category of theaters shown to produce the unwanted secondary effects .... ” Renton, 475 U.S. at 52, 106 S.Ct. 925.
The majority offers no authority for its position. I believe that the Fifth Circuit’s opinion in Beckerman v. City of Tupelo, Miss., 664 F.2d 502 (5th Cir. Unit A Dec. 1981), although not binding precedent, is directly on point and should guide our analysis. In Beckerman, the court invalidated a city ordinance forbidding parades after 6 P.M., finding the ban substantially broader than necessary to effectuate the city’s interest in nighttime security. The court explained that because the sun did not set in Tupelo until well after 6 P.M. for a good part of the year, the ordinance “unnecessarily restricted [individuals] in the time in which they may parade.” Id. at 512. Although the court recognized “the difficulty Tupelo faces in pinpointing the exact time at which the nighttime security problems arise,” id., it found the city’s use of a 6 P.M. cutoff overbroad since nighttime security could not justify banning parades during the summer when the sun does not set until approximately 8:30 P.M. Id.
We face a similar situation here. Although a city may unquestionably regulate the hours of operation of an adult entertainment establishment to avoid the secondary effects associated with late night-hours, the city here, like the city in Beck-eman, has done so in an overbroad manner by requiring closure during the late morning hours when no secondary effects have been shown to exist. The fact that the ordinance as a whole here serves to address the problem of late evening hours cannot save this ordinance any more than the fact that the ordinance in Beckerman, taken as a whole, addressed problems of nighttime security.

. I would also note that the Renton test, not the analysis set forth in United States v. O’Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968) and applied by a plurality in Barnes v. Glen Theatre, Inc., 501 U.S. 560, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991), is the applicable standard. Unlike the ordinance at issue in Renton and the one before us in this case, Barnes dealt with a generally-applicable ban on public nudity, considering whether the ban on public nudity could be constitutionally applied to nude dancing in an adult entertainment establishment. Because we are considering a regulation that singles out adult entertainment establishments for regulation, rather than a generally-applicable statute that has an incidental effect on adult entertainment, Ren-ton, not Barnes, provides the appropriate standard of review. We have previously recognized this distinction between Renton and Barnes. In International Eateries of America, Inc. v. Broward County, Fla., 941 F.2d 1157 (11th Cir.1991), we upheld a county ordinance prohibiting adult nightclubs within 500 feet of a residential district and within 1,000 feet of a church. We pointed out that Renton and the case we were considering involved ordinances that only applied to adult entertainment, while Barnes involved a ban on all public nudity. Accordingly, we concluded that, even after Barnes, "Renton still controls our analysis.” Id. at 1161.

. Although the city could certainly mandate closure if it showed secondary effects during these late morning hours, it does not even purport to make such a showing and so this ordinance is distinguishable from the other ordinances which have been upheld against First Amendment challenges. See Ben Rich Trading, Inc. v. City of Vineland, 126 F.3d 155, 160-63 (3d Cir.1997) (upholding ban on operating adult entertainment establishments before 8:00 A.M. and after 10 P.M.); Mitchell v. Commission on Adult Entertainment Establishments of Delaware, 10 F.3d 123, 131-39 (3d Cir.1993) (upholding‘ban on operating adult entertainment establishments before 10:00 A.M. and after 10:00 P.M. and all day Sunday); Star Satellite, Inc. v. City of Biloxi, 779 F.2d 1074, 1079-80 (5th Cir.1986) (upholding ban on operating adult entertainment establishments before 10:00 A.M. and after midnight and all day Sunday); see also National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 741-45 (1st Cir.1995) (upholding ban on operating entertainment business between 1:00 A.M. and 6:00 A.M.).